# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# BEAUFORT DIVISION

| | | |
|---|---|---|
| STEPHEN ROSENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:06-3203-MJP-BM |
| | ) | |
| v. | ) | |
| | ) | |
| THE STATE OF SOUTH CAROLINA, ET.AL, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |

This action has been filed by the Plaintiff, pro se, against numerous Defendants including state and local officials, asserting forty-eight (48) counts and alleging numerous federal and state claims. During the pendency of this action, Plaintiff has e-mailed correspondence or copies of correspondence along with other materials to the Court, which can only be described as extremely bizarre and disturbing. In one e-mail to the undersigned United States Magistrate Judge, defense counsel Marshall Waldron is referred to as a "lying 'white trash' lawyer", and Plaintiff repeatedly uses vulgar and racist expressions. Plaintiff refers to judges in this State as being "crooked South Carolina judges", refers to the Justices of the South Carolina Supreme Court as being "white trash", refers to Waldron's clients, including specifically the Defendant Stone, as "racially bigoted, corrupt and vindictive 'white trash' clan mentality Confederate 'good ole boy' moral slut

1



client/Defendants....",  refers to state and/or local officials in South Carolina as being "racially bigoted, corrupt and vindictive 'white trash' clan mentality Confederate 'good ole boy' moral slut officials....", and states that "[b]ased on a picture I saw of [presiding District Judge Matthew J. Perry], he could be described as "just another dumb n......".  Plaintiff further states: "As you should know by now, I am strongly opposed to racism.  However, doesn't the word "DUMB" accurately describe Judge Perry....".

Further down in this e-mail, Plaintiff refers to Judge Perry (a distinguished African-American jurist) as being "so 'DUMB' or so much of an 'UNCLE TOM' that he *illegally* dismissed my earlier lawsuit....". Finally, Plaintiff describes a South Carolina Circuit Judge, Jackson Gregory, as being "too dumb or too corrupt to be a judge - even in South Carolina!"    In a separate attachment, which is apparently a letter Plaintiff sent to the Clerk of the South Carolina Supreme Court,  Plaintiff describes South Carolina Chief Justice Jean Toal as being a "lying moral slut drunk."

Plaintiff's conduct in transmitting these e-mails to the Court cannot just be ignored. The undersigned is mindful of the fact that the Plaintiff is proceeding pro se; however, although the federal courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone.  *Cf.* Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989); Gantt v. Maryland Div. of Corrections, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996) ["Pro se litigants...are subject to all appropriate sanctions for their misconduct."]. After careful consideration of this matter, the undersigned has concluded that, before allowing this case to proceed any further, some sanction should be imposed on the Plaintiff for his conduct, both to preserve the integrity of this Court and to ensure that such conduct will not be

2



repeated. Although sanctions as severe as dismissal have been imposed under similar circumstances, the undersigned recommends that only a monetary sanction be imposed at this time. *Cf.* Yepez v. Ashcroft, 5 Fed.Appx. 701 (9th Cir. 2001) [finding that dismissal of civil complaint was fully appropriate given, among other factors, plaintiff's profanity and abuse of a district judge, and where alternative sanctions would have been futile]; Flores v. United States, 2003 WL 21209582 (N.D.Tex. May 21, 2003) [taking judicial notice of monetary sanction being imposed on Plaintiff for profanity and threatening language]; Scherer v. Washburn University, et al., 2006 WL 3230364 (D.Kan. November 6, 2006) [noting power of the court to sanction a party who engages in disrespectful conduct]; Fidelity National Title Insurance Company of New York v. Intercounty National Title Insurance Company, et al., 2002 WL 1433717, *7 (N.D.Ill. July 2, 2002) ["[A] party's harassment of or threats to an opposing party is considered bad faith conduct and may be subject to sanctions]; Carroll v. Jaques Admiralty Law Firm, PC, 110 F.3d 290 (5th Cir. 1997) [noting that use of threats and profanity at a deposition may warrant sanctions].

An appropriate monetary sanction will impress upon the Plaintiff the need for him to conduct himself with the proper decorum and in compliance with the rules of this Court, in particular Rule 11, Fed.R.Civ.P..   Further, a failure to impose any sanction on the Plaintiff because of his conduct would both allow and encourage future disrespectful and improper conduct, not just from this litigant, but from other litigants, who would believe they could so treat and address the Court with impunity and without fear of retribution.

### **Conclusion**

Based on the foregoing, it is recommended that the Court impose a monetary sanction on the Plaintiff for his conduct, and that he be required to remit payment of said monetary sanction

3



prior to being allowed to proceed with his case.

Finally, in the event the Court adopts this recommendation and imposes a monetary sanction, and Plaintiff fails to remit payment as required, the undersigned recommends that this action be dismissed, with prejudice. Plaintiff is further specifically placed on notice that this Report and Recommendation constitutes notice to him of the possible sanction of dismissal if he fails to comply with the order of this Court. See Ballard, 882 F.2d at 95 [Magistrate Judge's prior explicit warning that dismissal would result from plaintiff failing to obey court order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 26, 2007

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

