IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Stephen Rosenberg, ) | |
| ) | Civil Action No. 9:06-3203-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| State of South Carolina, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pro se Plaintiff Stephen H. Rosenberg brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging his civil rights were violated when he was "extradited from the State of Maryland over his objection and should not have been extradited where there was no valid arrest warrant, no properly executed extradition warrant, and where no charges had been accepted for prosecution." (Compl. ¶ 2, ECF No. 1.) Plaintiff also asserts pendant state law causes of action.

The matter is now before the court on Defendants' motions to dismiss.[1] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised on March 16, 2007; March 20, 2007; and May 1, 2007 of the summary judgment procedure and the possible consequences of failing to respond adequately. (ECF No. 23, ECF No. 27, and ECF No. 42.) Plaintiff filed a response to the pending motions to dismiss on April 19, 2007. (ECF No. 35.)

This case was referred to United States Magistrate Bristow Marchant for review under 28

---

[1] Defendants P.J. Tanner, Deputy Sheriff Townsend, Deputy Sheriff Norburg, Gay Watson, State of South Carolina, Mark Sanford, Henry McMaster, County of Beaufort South Carolina, Duffie Stone, Steven H. Knight and Beaufort County Sheriff Department filed a motion to dismiss on March 15, 2007. (ECF No. 22.) Defendant Frank Watson filed a motion to dismiss on March 19, 2007. (ECF No. 29.)

U.S.C. § 636(b)(1)(B) and this court's local rules. On April 26, 2007, the Magistrate Judge sua sponte filed a Report and Recommendation in which he recommended that the court impose a monetary sanction upon Plaintiff for improper conduct. Thereafter, on January 28, 2008, the Magistrate Judge issued a second Report and Recommendation recommending the court grant Defendants' motions to dismiss. The parties were advised of their right to file timely objections to the Magistrate Judge's Reports and Recommendations.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews. v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S. C. § 636(b)(1)(C).

## I. DISCUSSION

A. April 26, 2007 Report and Recommendation

On April 26, 2007, the Magistrate issued a Report and Recommendation. The Magistrate Judge set forth in the Report and Recommendation that Plaintiff had e-mailed correspondence to the court "which can only be described as extremely bizarre and disturbing." (ECF No. 37.) The Magistrate sought to have the court impose a monetary sanction to "impress upon the Plaintiff the need for him to conduct himself with the proper decorum . . ." (ECF No. 37.) On May 11, 2007, Plaintiff transmitted a letter expressing his general dissatisfaction with the Magistrate Judge's recommendation regarding monetary sanctions which this court construes as Plaintiff's objections

to the recommendation.[2] (ECF No. 45.) Plaintiff has offered no particular factual objections to the Magistrate Judge's conclusions. Rather, Plaintiff's objections express his overall disagreement with the Magistrate Judge's conclusions. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has carefully reviewed the record before it.

The court concurs with the Magistrate Judge that Plaintiff has transmitted disturbing correspondence. Plaintiff's conduct is disrespectful and unacceptable. It has come to this court's attention that while this case was ongoing Plaintiff was indicted and convicted for transmitting mail containing threats to Judge Matthew J. Perry, Jr.[3] Plaintiff is currently serving an active sentence of incarceration with the U.S. Bureau of Prisons as a result of his conviction. Although the court does not condone Plaintiff's conduct as set forth in the Magistrate Judge's Report, the court declines to impose a monetary sanction. Incarceration should be a far greater deterrent to Plaintiff's disrespectful conduct than any monetary sanction this court can impose. Plaintiff is advised that this court will not tolerate any further misconduct from Plaintiff.

B. January 28, 2008 Report and Recommendation of the Magistrate Judge

On January 28, 2008, the Magistrate Judge issued a Report and Recommendation recommending the court grant Defendants' motions to dismiss. Plaintiff has not filed objections to the Report and Recommendation. In the absence of a timely filed objection, a district court need

---

[2] This matter was transferred to Judge Margaret B. Seymour on August 16, 2011 following the death of Judge Matthew J. Perry, Jr.

[3] USA v. Rosenberg, 3:09-cr-00765-CMC

not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court has reviewed the record and the Magistrate Judge's Report and Recommendation and concurs with the Magistrate Judge's reasoning that this matter should be dismissed.

## II.  CONCLUSION

After considering the record and the applicable law, the court accepts the Magistrate Judge's April 26, 2007 Report but declines to follow the Magistrate Judge's Recommendation that monetary sanctions be imposed. Additionally, the court adopts the January 28, 2008 Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Defendants' motions to dismiss are **granted**. This case is **dismissed**.

**IT IS SO ORDERED**.


              s/Margaret B. Seymour
              United States District Judge

September 9, 2011

Columbia, South Carolina